1
2
3
4
5
6
7
8
9
10
11
12
13
14

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA BIANCHI,<br><br>                              Plaintiff,<br><br>        vs.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>                            Defendants. | CASE NO. 12cv750-MMA (MDD)<br><br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS**<br><br>[Doc. No. 3] |

15   Plaintiff Laura Bianchi, proceeding *pro se*, filed suit on March 28, 2012 against Defendants

16 Bank of America, N.A., et al., alleging various causes of action arising out of non-judicial

17 foreclosure proceedings against real property located at 652 Wilmington Drive, Chula Vista,

18 California, 91914 ("the subject property").  Defendants move to dismiss this action in its entirety on

19 the ground that Plaintiff lacks standing to assert her claims.  Plaintiff filed a response to the motion,

20 to which Defendants replied.  *See* Doc. Nos. 4,5.  For the reasons set forth below, the Court

21 **GRANTS** the motion.

22                                    DISCUSSION

23   The Court must determine as a threshold matter whether Plaintiff has standing to pursue her

24 claims.  *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (holding that standing is a "threshold issue in

25 every federal case, determining the power of the court to entertain the suit.").  Defendants argue that

26 Plaintiff lacks standing because she was neither a party to the loan at issue, nor is she a record owner

27 of the property.

28   Article III standing exists only when the plaintiff has suffered an injury-in-fact, i.e., an

1  "invasion of a legally protected interest" that is "concrete and particularized." *Lujan v. Defenders of*

2  *Wildlife*, 504 U.S. 555, 560 (1992).  Courts have considered the issue of standing in similar contexts

3  and have determined that a plaintiff who is not a party to a mortgage loan cannot assert a claim

4  against the lender for statutory violations, wrongful foreclosure, or fraud arising out of the

5  origination of the loan, the loan settlement process, or related foreclosure proceedings.  *See, e.g.,*

6  *Thomas v. Guild Mortg. Co.*, No. CV 09–2687–PHX–MHM, 2011 WL 676902, at *4 (D.Ariz. Feb.

7  23, 2011) ("A homeowner who is not a party to a mortgage loan cannot assert TILA, RESPA, Home

8  Ownership and Equity Protection Act, or fraud claims against a lender for improper disclosures.");

9  *Kruso v. Int'l Telephone & Telegraph Corp.*, 872 F.2d 1416, 1427 (9th Cir.1989) (holding that the

10  plaintiffs lacked standing for claims that arose out of the transactions at issue because the plaintiffs

11  were not parties to those transactions).

12      Here, Plaintiff states that she is "the rightful owner of the property identified in the San

13  Diego County land records commonly known as 652 Wilmington Drive, Chula Vista, CA 91914."

14  *Complaint* ¶ 6.  Based thereon, she alleges multiple claims against all Defendants for fraud,

15  violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, ("RESPA"), wrongful

16  foreclosure, and quiet title.  However, documents attached to Plaintiff's complaint belie her assertion

17  that she is the owner of the subject property, and demonstrate conclusively that she has no interest in

18  the subject property.  According to the Deed of Trust executed on July 16, 2003, the borrower to the

19  loan and the sole signatory on the mortgage contract is "Lewis S. Bianchi, a single man." *Complaint*,

20  Ex. A.  Substitutions of Trustee recorded on November 24, 2009 and December 10, 2010 show that

21  "Lewis S. Bianchi, a single man, was the original Trustor." *Id.*, Ex. B1, B2.  Likewise, the Notice of

22  Default recorded on April 15, 2011 notes that "Lewis S. Bianchi, a single man" executed the Deed

23  of Trust in July 2003. *Id.*, Ex. E.

24      Despite any injuries Plaintiff alleges to have suffered, she has no standing to pursue relief for

25  those injuries as a result of Defendants' alleged wrongdoing arising from a loan transaction

26  Defendants entered into with someone else.[1] *See Kruso*, 872 F.2d at 1472 ("The plaintiffs may have

27

28      [1] Furthermore, because Plaintiff does not possess any interest in the property, she is not a proper party to this action pursuant to Federal Rule of Civil Procedure 17, which requires that an action be prosecuted in the name of the real party in interest. *Cleveland v. Deutsche Bank Nat'l Trust Co.*, No.

1  suffered financial losses stemming from their participation in the [underlying transactions], but they

2  cannot allege injury to themselves by reason of alleged wrongdoing by defendants in the entering,

3  execution or termination of the underlying agreements to which plaintiffs were not parties.").

4      Plaintiff argues she has standing to pursue her claims because she is the current spouse of

5  Lewis S. Bianchi, and therefore has a community property interest in the subject property.  This

6  argument is misplaced.  As the Ninth Circuit recently explained, "the presumption under California

7  law that property acquired during marriage is community property does not apply" in circumstances

8  "where a spouse acquires property in his name alone."  *In re Jacobson*, ___ F.3d ___ 2012 WL

9  1382979, 5 (9th Cir. 2012), citing Cal. Fam. Code § 760 and *In re Marriage of Brooks*, 169

10  Cal.App.4th 176, 186–87 (2008).  Here, the relevant loan and title documents show Lewis Bianchi

11  was the sole buyer of the subject property prior to his marriage, and remains the sole owner of the

12  property to date.  "In California, record title is presumptively correct."  *Id*., citing Cal. Evid.Code §

13  662.  As such, even if a community property interest was sufficient to confer standing to pursue

14  these claims, there is no presumption that the subject property is community property.  Regardless of

15  her marital status, Plaintiff does not have standing to pursue the causes of action alleged in her

16  complaint.

17                                          **CONCLUSION**

18      For the reasons set forth above, the Court **GRANTS** Defendants' motion and dismisses this

19  action with prejudice based on Plaintiff's lack of standing to pursue her claims.  *See Nat'l Licensing

20  Ass'n, LLC v. Inland Joseph Fruit Co.*, 361 F. Supp. 2d 1244, 1258 (E.D. Wash. 2004), quoting *H.R.

21  Techs., Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1385 (Fed. Cir. 2002) (dismissal with prejudice

22  appropriate when it is "plainly unlikely that the plaintiff [will be] able to cure the standing

23  problem").  The Clerk of Court is instructed to enter judgment accordingly and terminate the case.

24      **IT IS SO ORDERED**.

25  DATE: <u>May 17, 2012</u>

26                                          HON. MICHAEL M. ANELLO
                                           United States District Judge

27  _____

28  08cv0802 JM(NLS), 2009 U.S. Dist. LEXIS 7165, 2009 WL 250017 (S.D. Cal. Feb. 2, 2009)
   (dismissing TILA, RESPA, fraud, and other claims of a plaintiff whose wife took out a mortgage,
   reasoning that "someone who is not a party to [a] contract has no standing to enforce the contract or to
   recover extra-contract damages for wrongful withholding of benefits to the contracting party").